IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
GALVESTON DIVISION

| | |
|---|---|
| ROBERT GREEN, § | |
| Plaintiff § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO._____ |
| § | |
| BRAZOSPORT INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| Defendant § | |

ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROBERT GREEN, hereinafter called Plaintiff, complaining of and about BRAZOSPORT INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "BISD") and, hereinafter called Defendant, and for cause of action shows unto the Court the following:

PARTIES AND SERVICE

1. Plaintiff ROBERT GREEN resides in Texas.

2. Defendant Brazosport Independent School District, is a governmental entity/school district covering Freeport, Lake Jackson and Clute, Texas and surrounding towns. Defendant may be served with summons at the following address: Brazosport Independent School District, c/o Board of Trustees, 301 West Brazoswood Drive Clute, Texas 77531.

JURISDICTION

3. The action arises under 28 U.S.C § 1331, Title VII of the Civil Rights Act of 1964, as amended, Texas Labor Code Chapter 21, et. seq. and

1

42 U.SC. § 1981 hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq., Texas Labor Code Chapter 21, et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991, defamation to correct unlawful employment practices on the basis of race, gender, hostile working environment and retaliation.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter etc..

## FACTS

7. Mr. Robert Green was employed by Brazosport Independent School District in July 2005, as Assistant Principal at Lanier Middle School. He was a dedicated and hardworking Assistant Principal with goals of advancing to a Principal. On or abut October 15, 2010, he applied for the Principal's position at Lanier. During the application process, on October 22, 2010, during the interviewing process, Mr. Green received a call from Stuart Dornburg, Executive Director of Human Resources indicating that he wanted to talk to Robert Green about something. October 26, 2010, he learned that he had been falsely accused of sexually harassing teachers, being flirtatious with

students and charged with disciplining Black students differently than Whites and Hispanics.

On October 27, 2010, Robert Green learned that he had not been selected for the Principal's position at Lanier. Stuart Dornburg, Executive Director of Human Resources, advised Green in writing that another applicant had been selected. Brazosport Independent School District's Lanier Middle School has a practice of promoting the Assistant Principal to the Principal's position where the vacancy exists. No reason has been given for Green's non-selection or an explanation for his concerns regarding the false allegations of sexual harassment or different disciplined lodged against Green. Mr. Green was clearly the better qualified candidate. In fact, customarily the assistant principal was promoted to Principal positions. On December 7, 2010, Green sent a certified letter to Joe Ripple, Superintendent and Dennis McNaughten, deputy Superintendent, regarding the false allegations lodged against him.

8. After filing the August 5, 2011 charge of sex, race, retaliation discrimination with the United States Equal Employment Commission ("EEOC"), Robert Green was written up about eight times by Edna McMillan, Principal from October 24, 2011 to March 6, 2011. The first set of write ups began ten days after filing the EEOC charge on August 15, 2011 and August 22, 2011. On August 24, 2011, Green was placed on Administrative Leave, pending investigation. On August 31, 2011, Green was to attend and participate in an employee conference on September 2, 2011. On September 6, 2011, Green was removed from administrative Leave and directed to report to work on September 7, 2011; however, he was not given the results of BISD's investigation. Green was further retaliated against for having filed the instant charge. And Green was given an action plan which was created as a ploy to

3

eliminate any possibility for renewal of his 2012-2013 contract of employment. September 6, 2011, Robert Green filed an amendment to his EEOC charge to include these facts.

9. On January 28, 2012 and February 9, 2012. Ms. McMillan gave Robert Green a poor evaluation and recommended that his contract be non-renewed. On February 24, 2012, Ms. McMillan presented Mr. Green with a Professional Improvement Action Plan. On March 7, 2012, Robert Green was placed on Administrative Leave with pay for the remained of the 2011-2012 contracts and was also issued a Notice of Proposed Nonrenewal indicating that his contract as an Administrator in the District would not be renewed at the end of its present term. This conduct was a continuation of the retaliation. Mr. Robert Green filed a March, 2012 amendment to his EEOC charge to include these facts.

10. On March 6, 2012, Brazosport Independent School District recommended that Robert Green's contract as assistant principal not be renewed for the 2012-2013 school year. On or about March 7, 2011, Mr. Green was suspended with pay, rather than terminated because a termination hearing would provide more stringent and evidentiary requirements. A few weeks before the recommendation of non-renewal and suspension with pay, Robert Green was placed on a performance improvement plan. Green was not provided a sufficient amount of time to address or correct the alleged deficiencies. Less than a month, on April 30, 2012, the Board of BISD affirmed the recommendation of BISD and non-renewed m Green's contract. During the April 30th "hearing", Green was not permitted to testify and the rules of evidence did not apply. Moreover, the presiding officer at the hearing

4

was an employee of a neighboring district, a violation of state law. The reasons provided for not renewing Green's contract were all a pretext to disguise unlawful discrimination and retaliation. Robert Green filed an August 24, 2012 supplement to his amended charge of discrimination.

## GENDER DISCRIMINATION

11. Defendant, Brazosport Independent School District, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his gender, male.

12. Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's gender, male, in violation of 42 U.S.C. Section 2000e (2) (a).

13. Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to female employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

14. The unlawful employment practices of Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, specifically Mrs. McMillan, had a disparate and adverse impact on Plaintiff because of his gender, male. Such employment practices were not job-related and were not consistent with business necessity.

15. Plaintiff alleges that Defendant, BRAZOSPORT

INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff on the basis of gender, with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## RACE DISCRIMINATION

16. Defendant, Brazosport Independent School District, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his race, black.

17. Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race, in violation of 42 U.S.C. Section 2000e (2) (a).

18. Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

19. The unlawful employment practices of Defendant, BRAZOSORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, specifically Mrs. McMillan, had a disparate and adverse impact on Plaintiff because of his race, black. Such employment practices were not job-related and were not consistent with business necessity.

20. Plaintiff alleges that Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff on the basis of race, with malice or with

reckless indifference to the federal-protected rights of Plaintiff.

21. Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

## **RETALIATION BY BISD**

22. Plaintiff alleges that BISD instituted a campaign of retaliation which included writing him up approximately eight times after Mr. Green filed an EEOC charge of discrimination, placing him on an administrative leave for approximately nine months, and non-renewing his contract. This retaliation was and is due to Plaintiff exercising his rights by engaging in legally protected activity. Plaintiff suffered damages for which Plaintiff herein sues. Defendant, Brazosport Independent School District, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff in retaliation against Mr. Robert Green for engaging in protected activity.

23. Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff engaging in legally protected activity, in violation of 42 U.S.C. Section 2000e (2) (a).

24. Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to female, nonblack employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

25. The unlawful employment practices of Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, specifically Mrs. McMillan, had a disparate and adverse impact on Plaintiff because engaged in protected activity. Such employment practices were not job-related and were not consistent with business necessity.

26. Plaintiff alleges that Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff in retaliation against him for engaging in legally protected activity, with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## RESPONDEAT SUPERIOR AND RATIFICATION

27. Whenever in this complaint it is alleged that the Defendant, BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY BISD

28. BISD intentionally or recklessly caused Mr. Green to suffer emotional distress. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered

damages for which Plaintiff herein sues.

## QUANTUM MERUIT BY BISD

29. Plaintiff provided valuable services or materials which BISD accepted, used and enjoyed. Defendant knew that Plaintiff expected to be compensated for these services or materials, but failed to compensate Plaintiff. For such services or materials, Plaintiff herein sues.

## SLANDER PER SE BY BISD

30. BISD orally made a false statement of fact referring to Plaintiff as engaging in sexually harassing conduct which is slander per se. This was done with knowledge of the falsity and reckless disregard for the truth. Damages are presumed. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

31. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Back pay and front pay

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just.

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h. Inconvenience;

i. Interest Loss of enjoyment of life;

k. Mental anguish in the past;

l. Mental anguish in the future;

m. Reasonable medical care and expenses in the past. These expenses were incurred by Robert Green and such charges are reasonable and were usual and customary charges for such services in Galveston County, Texas

n. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

o. Loss of earnings in the past;

p. Loss of earning capacity which will, in all probability, be incurred in the future;

q. Loss of benefits;

r. Humiliation;

s. Physical injury;

t. Disfigurement;

u. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

v. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

w. Physical pain and suffering in the past;

x. Physical pain and suffering in the future;

    y. Physical impairment in the past; and

    z. Injury to reputation

## EXEMPLARY DAMAGES

32. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

33. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a. Prohibit by injunction the Defendant from engaging in unlawful employment practices;

    b. Promote Plaintiff to the position and pay grade to which Plaintiff should have been promoted but for the unlawful employment actions of Defendant;

    c. Rehire Plaintiff;

    d. Reinstate Plaintiff to the principal position and pay grade which Plaintiff should have been promoted but for the unlawful employment actions of Defendant;

    e. Reinstate all benefits to which Plaintiff was entitled but for the unlawful employment actions of Defendant;

    f. Reinstate Plaintiff to the position of seniority which Plaintiff held before the unlawful employment actions of Defendant;

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Mr. Robert Green, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s Debra Jennings
By:_____
Debra Jennings
Fed. ID 14373
State Bar No. 10631850
6140 HWY # 6, # 269
Houston, Texas 77459
Tel. (832) 230-4455
Fax. (832) 230-4452

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**